Evans, J.
The petition is one in mandamus seeking, in some four separate causes of action, a writ of mandamus to command the defendants, as the board of deputy state supervisors and inspectors of elections of said Franklin county, Ohio, to permit the primary ballots to be used at the forthcoming primary election to be held by the Republican party, and to include in said printed ballots ■the names of the several persons specified in the petition, which persons, it is alleged, lawfully filed with said board their respective petitions to be voted for as delegates to the county convention of said party to be held in July, this year.
The petition has been .attacked, first by motion to strike from the petition the first, third and fourth causes of action, on the ground that the relator herein is not one of the petitioners named in said causes of action seeking to be a condidate for delegate in the wards and precincts therein named, and for this reason *345 has no personal interest in placing said names on the ballot and is not a proper party in interest.
A demurrer is interposed to the second cause of action on the ground that the courts had not jurisdiction of the subject-matter of the action for the reason that the determination of said questions by said board of deputy state supervisors in final.
The conclusion I have reached on the questions here presented logically invites attention first to the demurrer.
If the court has no jurisdiction to review the decision of said board in rejecting the names of said petitioners, and refusing to print said names on the ballot, and consequently no jurisdiction to reverse the action of said board in' so refusing and to compel said board to print said names on the ballot, then that would end this controversy so far as the courts are concerned.
Upon examination of the authorities I am clear that the Supreme Court in its construction of the provisions of Section 2966-23, Revised Statutes, in the case of Chapman v. Miller, 52 Ohio St., 166, has decided the very question we have here. That was a question of the finality of the decision of the state supervior of elections upon objections to certificates of nomination. There were objections filed with the board of deputy state supervisor of elections upon objections to certificates of nomination, named by the alleged People’s party convention on the ballot; also objections to the independent Democratic nominations by petitions. Said board was a tie on the question of placing the names of said candidates on the ballot sheet, or in rejecting them. Hence the matter came to the Secretary of State as state supervisor of elections for his decision as provided by statutes.
The state supervisor decided the question as to what names should go upon -the ballot.. The deputy state supervisors refused to comply with the decision of the Secretary of State, and answered the petition in mandamus to compel said board to comply by stating that they had been enjoined by the court of common pleas from complying with the decision of said state supervisor.
The court in that case held that the lower court had no jurisdiction on the subject-matter, and that its order was void.
In the opinion the court quotes the tenth section of the ballot law, which is in substance, in its provisions, the same as embodied *346 in Section 2966-23, Revised Statutes, and re-enacted into the new codification of the statutes.
The court say in the opinion, referring to the provisions of said Section 2966-23, that:
“It will be noticed that the decision of the board of deputy state supervisors as well as the decision of the district or circuit board is final. Also that the decision of the state supervisor is final, whether made as to candidates for state officers or presidential electors, in 'the first instance; or county, district or circuit officers, upon submission to those boards. The statute pro-' vides'that the questions shall be summarily decided, and that the decision shall be final. This necessarily excludes the jurisdiction of the court of common pleas as to the subject-matter, and it is clear that the judge of the court of common pleas was without jurisdiction.” . • '
That is the language of the Supreme Court. The effect of that decision was: When the deputy state supervisors or the state
supervisor decided said questions on such objections, the decision in either event was final, and the court had no jurisdiction over the subject-matter there involved. That when the state supervisor decided the questions then a duty devolved upon the board of deputy state supervisors, and if said board refused to comply with said decision, such board could be mandamused to compel it to comply.
In other words, when a ministerial or quasi judicial duty devolves upon such a board and it refuses to act, it may be compelled so to act by proceedings in mandamus. But when it has acted in such proceedings as we have here, and has exercised its judgment, then its action is final.
It has been said that this places arbitrary power into the hands of such a board; that upon objections being filed to the names of petitioners for nomination going upon the ballot, the board may reject such candidates, and those rejected can not proceed to enforce their acceptance by the board if the board has erred.
If that is true, then the fault lies with the Legislature, and the remedy would have to be sought there by amendment of the statute for future procedure.
The Supreme Court has by said decision above cited, and by other decisions cited in argument, upheld the provisions of said *347 section of the statute giving said state supervisor and said deputy-state supervisors of elections final jurisdiction -to settle said questions, and has expressly held that this- court has no jurisdiction of the subject-matter here involved. Such decision of the highest court of the state binds this- court and is conclusive on the question.
It is claimed in- argument by counsel for plaintiff that no notice was given of the hearing upon said objections to said parties in interest. That question is not here presented by this petition, to mandamus said board to compel it to give such notice and to rehear said objections. That remedy is not here sought nor such issues here made; hence this court could not here determine that question even if such an issue was made in a case, and if the court determine that the board could be compelled so to do that is as far as the court could go. It could not direct how or what names the board should place on the ballot. The board would still have final jurisdiction to determine the names of persons to go upon the ballot and the court could not review their decision -in that respect.
I mean, that suppose the issue was made in a case that a board refuse to give notice and consequently proceeded to hear the objections without giving notice to the parties in interest, and if the parties in interest then would go to the court and proceed to mandamus the board to compel the board' to give the notice and to have a re-hearing, that is as far as the court could go under circumstances of that kind were such issues made. Then when the court had gone to that extent, the board could proceed and rehear the objections and then upon the re-hearing decide whether they would accept or whether they would reject the names of the petitioners, and when they had acted and decided, then .that action would be final and the court then would have no jurisdiction to review or reverse that board for the purpose of compelling it to place upon the ballot the names of the persons that the board had rejected.
As above stated, the conclusion on the demurrer here probably renders a decision on the motion unnecessary, but as a question on the motion is here made, it calls for a determination. I fail to find much light on the question in the decided cases. I find *348 that where the question, involved the contest of election, that is, for trying the right of an individual for holding a public office, the people are interested as a body in the investigations, and the elector may under certain circumstances bring such proceedings. Our statute, Section 2997, Revised Statutes, provides how an elector may perfect an appeal in such case.
No where in the statute can I find any provision for an elector, not personally interested as to who shall or shall not go upon the ballot as candidates for nomination for office, question tbe action of the election board in any proceeding, even though it may be as a subject-matter in which the court may have jurisdiction in proceedings by parties in interest.
I apprehend the reason that no eases can be found directly bearing upon this qustion is the reasoning that must apply here.
If a citizen petitions such board of elections to place his name upon the ballot, and upon objections filed the board for reasons satisfactory to it sustains the objections, and refuses to place such name on the ballot, if such rejected person takes no action, if he could, to review the action of the board and to compel it to place his name on the ballot, what assurance is there that such person would accept the nomination, or the office, if elected, upon his name being forced on the ballot through the intervention of a third party, an elector not himself personally interested.
I think for this reason, except in cases where the statute may expressly provide, or the parties may be represented through the Attorney-General or prosecuting attorney, that the well known rule would apply that the proceedings must be in the name of the real party in interest.
For this reason I am of .the opinion that the motion is well taken and the same is sustained. Both the motion and demurrer will be sustained and exceptions noted.